**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2636-20

ROBERT D. SKENE, ESQ.,

     Plaintiff-Respondent,

v.

MATTHEW KENNEY,

     Defendant-Appellant.

_____

Submitted March 16, 2022 – Decided September 13, 2022

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey,
Law Division, Middlesex County, Docket No.
L-8620-20.

Norris McLaughlin, PA, attorneys for appellant
(Nicholas A. Duston, of counsel and on the briefs;
James V. Mazewski, on the briefs).

Heitner & Breitstein, PC, attorneys for respondent
(Yelena C. Tsyrlin, on the brief).

PER CURIAM

Plaintiff Robert D. Skene, a New Jersey lawyer, sent a retainer agreement to a "Mr. Sturm" at "Matthew Kenney Global c/o Matthew Kenney" confirming "the retention of the Skene Law Firm, P.C. by Matthew Kenney Global to advise and assist with obtaining a liquor license at an existing Sak's department store in Chicago, IL." The agreement is signed by Skene with a signature line for the client, which reads: "Approved and Agreed: Matthew Kenney Global By: _____." There is no name printed under the signature line, but defendant does not dispute he signed the retainer on behalf of his eponymous company.

The relationship soured after Skene had billed, presumably, the company more than $45,000 over the course of six months and had not secured the liquor license. Kenney signed the Office of Attorney Ethics Attorney Fee Arbitration Request Form seeking fee arbitration under Rule 1:20A-3(a)(1). In the section of the form for "client information," there is no space for the name of a business entity. Instead, the form seeks the first and last name of the "Client," his or her street address and both a "Home Telephone" and a "Work or Cell Phone Number." The form the company submitted listed "the Client's" first and last name as Matthew Kenney. The address line listed Matthew Kenney Global's address in California, the same one listed on the retainer

A-2636-20

agreement, "C/O Plant Food + Wine," which defendant's counsel claims is Matthew Kenney Global's "alternate name." The same telephone number is listed for "Home Telephone" and "Work or Cell Phone Number," which counsel asserts is the company's "corporate phone number." In the section of the form asking for the "Type of Case Handled By the Attorney," the boxes "Contract" and "Corporation/Partnership Law" were checked.

Defendant asserts the originally scheduled April 20, 2020 arbitration hearing was adjourned "due to the outbreak of the Covid-19 pandemic" and despite several telephone calls to learn the new date, all of which went unanswered, he learned of the rescheduled "virtual" date only hours before the hearing, when he was already scheduled to attend another meeting. Defendant claims as a restaurateur and head of a company owning and managing over thirty restaurants in twelve cities that employed over 500 individuals, his only focus in the Spring of 2020 was saving his company, and he was satisfied to have his chief of staff, who was more familiar with the fee dispute than he was, attend the arbitration hearing on the company's behalf.

As reflected in the arbitration panel's written statement of reasons, however, the panel chair rejected the chief of staff's assertion that he was the only one with knowledge of the facts of the fee dispute and refused to let him

3

testify on behalf of the company. Instead, the panel chair insisted the chief of staff leave the hearing "and bring the Client in because the matter would not proceed without him." We need not detail defendant's and the panel's differing views of what transpired thereafter. Suffice it to say, the hearing went poorly, and we expect a few of the participants would likely look back and admit they could have behaved better. The important point for our purposes is that the panel chair rejected the chief of staff's position that the individual the panel referred to as

> the Client was not the real complainant but rather "Matthew Kenney Cuisine," a corporate entity, had filed the Fee Arbitration Request [complaint]. The Chair reviewed the complaint and did not find any reference to a corporate entity in any of the material submitted (consisting only of the two page request form). However, the retainer agreement from the Attorney was between him and Matthew Kenney Global c/o Matthew Kenney, who signed the retainer. The Client signed the complaint on his own behalf and not on behalf of a corporate entity so the Panel wanted to hear from the Client.

Although finding the record established "the Client is the owner of Matthew Kenney Global, a California Corporation, and that he retained the New Jersey Attorney on behalf of his company to obtain a liquor license . . . at a store in Illinois," the arbitration panel concluded the "Client," Matthew Kenney, personally owed Skene the entire amount outstanding, $40,840.98.

4

When Kenney failed to pay, Skene filed an action in the Law Division to enforce the award. Defendant retained New Jersey counsel and opposed Skene's application on several grounds, including that the panel entered an award against Matthew Kenney personally, over whom it lacked jurisdiction as he was not Skene's client. The Law Division judge enforced the award, explaining he was without authority to entertain arguments "that should have been raised on a proper appeal before the Disciplinary Review Board, which is the exclusive and only forum which can hear these appeals."

Defendant appeals, arguing, first, that neither Kenney nor his company got notice of the fee panel's award until Kenney was served with Skene's Law Division complaint and order to show cause under Rule 4:67-2, which directed him to file an answer in court, not an appeal with the DRB. Although acknowledging the trial court's finding that it lacked jurisdiction to review a determination of a district fee arbitration committee, defendant argues the fee arbitration committee lacked jurisdiction over him under Rule 1:20A-2, because he was never Skene's client, his company was, and thus the Law Division had no subject matter jurisdiction to enforce a fee award against him personally.

Skene, although nowhere averring Kenney was his client, as far as we can tell, nevertheless contends the award was proper based on the evidence presented at the arbitration hearing, "which included the complaint for fee arbitration . . . filed by Kenney in his individual capacity in which Kenney certified, subject to punishment, that he was the client."  Skene contends "a legal complaint is not a meaningless 'boiler-plate' form and the court disregarding a filed pleading as meaningless would offend nearly every bedrock tenant [sic] of the legal system."  Skene maintains Kenney was personally served in California on December 21, 2020, with his verified complaint and order to show cause, "which included a copy of the arbitration determination," and failed to file an appeal with the DRB within twenty-one days as required by Rule 1:20A-3(d).  Skene contends the Law Division had subject matter jurisdiction to enforce the district fee arbitration award but lacked jurisdiction to review it, as review is reserved exclusively to the DRB.

The Law Division was correct that it lacked jurisdiction to consider the merits of defendant's challenge to the district fee arbitration committee's award.  Rule 1:20A-3 provides an attorney or a client can bring an action pursuant to Rule 4:67 to obtain judgment in the amount of the fee determined to be owing by the district fee committee, but also makes clear the court

A-2636-20

hearing that action has no "jurisdiction to review a fee arbitration committee determination," as "[s]aid review is reserved exclusively to the Disciplinary Review Board under R. 1:20-15(l)." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:20A-3 (2023) ("Clearly, the trial court has no jurisdiction to review fee-arbitration awards and is consequently obliged to transfer any such matters brought to it to the Disciplinary Review Board.").

We, likewise, are without jurisdiction to entertain this appeal, as Article VI, Section II, Paragraph 3 of the 1947 Constitution "vest[s] exclusive authority over the regulation of the Bar in the State's highest court." In re LiVolsi, 85 N.J. 576, 596 (1981). "[T]he Superior Court lacks jurisdiction over the regulation of the Bar and matters that intrude on the disciplinary process." Robertelli v. N.J. Off. of Att'y Ethics, 224 N.J. 470, 482 (2016).

Although we agree with defendant "that a corporation is a separate entity from its shareholders, and that a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise" are "fundamental propositions," Dep't of Env't Prot. v. Ventron Corp., 94 N.J. 473, 500 (1983) (internal citation omitted), the issues raised by this appeal — the Office of Attorney Ethics Attorney Fee Arbitration Request Form, the conduct of a district fee arbitration panel hearing, and the Rules of Professional

Conduct regarding a lawyer's scope of representation, fees and duties in representing an organizational entity — are all matters within the Court's plenary authority, and beyond ours, to consider.  See Robertelli, 224 N.J. at 482.

Because there appears no dispute that Kenney did not receive a copy of the arbitration panel's award until he was served with Skene's order to show cause to enforce the award, which directed Kenney to file an answer in court, we follow Judge King's lead in Linker v. Company Car Corp., 281 N.J. Super. 579, 586-88 (App. Div. 1995), and transfer this matter to the DRB for resolution of defendant's right to appeal the panel's award on one or more grounds enumerated in Rule 1:20A-3(C)(1) to (4).  See R. 1:13-4(a) and (b). The DRB can determine whether defendant's answer in the Law Division preserved his appellate rights before the DRB, or whether it will consider the merits of the appeal in the interests of justice or otherwise.  Should the DRB determine not to hear Kenney's appeal, the Law Division's order enforcing the fee award will be final.

The appeal is dismissed and the matter transferred to the Disciplinary Review Board.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2636-20